

FILED & JUDGMENT ENTERED
Steven T. Salata

January 30 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### SHELBY DIVISION

| In re:<br>FARR ENTERPRISES, INC.,<br><br>Debtor(s). | Case No. 16-40291<br>Chapter 11 |
|---|---|
| **INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND SCHEDULING SECOND INTERIM HEARING** | |

**THIS CAUSE** comes before the Court upon the Motion of Reid and Patsy Scott (the "Scotts") to enjoin the use of cash collateral and for adequate protection (the "Scott Motion") [Docket # 38] and upon Debtor's Response thereto and Motion, in the alternative, for use of cash collateral (the "Debtor Response") [Docket #s 41, 44, 45]. No other responses or objections having been filed with the Court, by and with the consent of the parties, it is hereby **ORDERED** that:

1. The Scotts hold a perfected, pre-petition lien upon the rents collected from the use of the Debtor's property located at 9066 Camp Firestone Drive (9066 NC 126), Nebo, North Carolina 28761 (the "Cash Collateral") by virtue of that certain Deed of Trust recorded in Book 1103, Page 497 of the Burke County Registry, which lien is not adequately protected herein.

2. The Debtor shall be authorized to use the Cash Collateral during the period beginning with the entry of this Order (the "Order Date"), and continuing through the date of the Second Interim Hearing (as defined below), in the ordinary course of business for ordinary and customary business expenses associated with the ownership and business of a marina, and for no other purpose. The Debtor may use Cash Collateral only for ordinary and necessary business

expenses consistent with its operation of the business since the July 1, 2016 (the "Petition Date"), including the payment of regular mortgage payments to Morganton Savings Bank in the monthly amount of $6,250.75 and the U.S. Small Business Administration in the monthly amount of $1,526.00. Ordinary and customary business expenses shall not include any payment to or for the benefit of the Debtor's principals, John and Laura Aulgur, or any other insider.

3. The Debtor shall not use, sell or expend, directly or indirectly, Cash Collateral or any proceeds, products or offspring thereof, except as authorized in this Interim Order.

4. The Debtor's authority to use Cash Collateral in accordance with the terms and conditions set forth herein shall terminate at 11:59 p.m. on the date of the Second Interim Hearing, unless the Court further authorizes the use of Cash Collateral at the Second Interim Hearing on the Motion or upon mutual consent of the affected parties.

5. As adequate protection for the Scott's interest in Cash Collateral, to the extent the Debtor uses such Cash Collateral, the Scotts are granted valid, attached, choate, enforceable, perfected and continuing security interests in, and liens upon all post-petition assets of the Debtor of the same character and type, to the same extent and validity as the liens and encumbrances of the Scotts attached to the Debtor's assets pre-petition (the "Post-Petition Collateral"). The Scotts security interests in, and liens upon, the Post-Petition Collateral shall have the same validity and priority as existed between the Scotts, the Debtor, and all other creditors or claimants against the Debtor's estate on the Petition Date. In addition thereto, the Debtor shall make an adequate protection payment to the Scotts in the amount of $3,000.00 on or before February 3, 2017, which shall constitute additional adequate protection payment for the period beginning on the Order Date through the date of the Second Interim Hearing.

6. Not less than three (3) nor more than five (5) days prior to the Second Interim Hearing, the Debtor shall provide a report to Scotts' counsel detailing all receipts and uses of the Cash Collateral through such date.

7. This Interim Order is without prejudice to the rights of any other creditor to seek additional adequate protection or other relief available under the Bankruptcy Code, and entry of this Interim Order is without prejudice to the rights of any of other creditor to challenge or otherwise contest entry of any final order authorizing the use of Cash Collateral.

8. A second interim hearing on the use of Cash Collateral shall be held on February 24, 2017 at 10:30 a.m. (the "Second Interim Hearing"), in the U.S. Bankruptcy Court, Cleveland County Courthouse, Shelby, North Carolina.

9. Any party wishing to object to the relief granted herein being allowed on a final basis shall file such objection with the Court in accordance with the Local Rules of the United States Bankruptcy Court, together with proof of service thereof, showing service upon all interested parties, so as to be received no later than five (5) business days prior to the Second Interim Hearing.

10. The Debtor is directed to serve a copy of this Order upon: (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c) the Scotts, Morganton Savings Bank, and the Small Business Admistration, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 within three (3) business days after its entry and shall file a certificate of service specifying the manner and method of service.

SO ORDERED.

*This Order has been signed electronically.*
*The Judge's signature and Court's seal*             *United States Bankruptcy Court*
*appear at the top of the Order.*


WE CONSENT:

| | |
|---|---|
| YOUNG, MORPHIS, BACH & TAYLOR, LLP | PITTS, HAY & HUGENSCHMIDT, P.A. |
| | /s/ Edward C. Hay, Jr. |
| /s/ Jimmy R. Summerlin, Jr. | Edward C. Hay, Jr. |
| Jimmy R. Summerlin, Jr. | N. C. State Bar No. 7149 |
| N.C. State Bar No. 31819 | 137 Biltmore Avenue |
| P.O. Drawer 2428 | Asheville, NC 28801 |
| Hickory, NC 28603 | Telephone: 828-254-6315 |
| Telephone: 828-322-4663 | Attorney for the Debtor |
| Attorney for Reid & Patsy Scott | |

and

REVIEWED AND NO OBJECTION:

WILLCOX LAW FIRM, PLLC

/s/ Roderick H. Willcox, Jr.
Roderick H. Willcox, Jr.
N.C. State Bar No. 25033
216 N. Sterling Street, Suite A
Morganton, NC 28655
Telephone: 828-433-1333
Attorney for Morganton Savings Bank