IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| In re:<br>FARR ENTERPRISES, INC.,<br>　　　　　　　　　Debtor(s). | Case No. 16-40291<br>Chapter 11<br><br>NOTICE OF HEARING |

TAKE NOTICE that Morganton Savings Bank and Reid & Patsy Scott have filed the attached Motion(s) with the Court seeking relief. A copy of these paper(s) are included with this Notice or copied on the reverse side of this Notice. A hearing on the motion has been scheduled for Friday, February 24, 2017, at 10:30 a.m. in the United States Bankruptcy Court, Cleveland County Courthouse, 100 Justice Place, Shelby, NC 28150.

　　　　Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

　　　　If you do not want the Court to order the relief requested, or if you want the Court to consider your views on the motion, then on or before twenty-one (21) days from the date of this Notice, you or your attorney must do three (3) things:

1. File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:

　　U.S. Bankruptcy Court, 401 W. Trade Street, Charlotte, NC 28202.

　　　　If you mail your request to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

　　　　2. On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:

| | | |
|---|---|---|
| Jimmy R. Summerlin, Jr.<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603 | and | U.S. Bankruptcy Administrator<br>402 West Trade Street, Suite #200<br>Charlotte, NC 28202 |

　　　　3. Attend the hearing scheduled for Friday, February 24, 2017, at 10:30 a.m. in the United States Bankruptcy Court, Cleveland County Courthouse, 100 Justice Place, Shelby, NC 28150.

　　　　If you or your attorney do not take these steps the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

January 30, 2017.

　　　　　　　　　　　　　　　　　　　　YOUNG, MORPHIS, BACH & TAYLOR, L.L.P.
　　　　　　　　　　　　　　　　　　　　　/s/ Jimmy R. Summerlin, Jr.
　　　　　　　　　　　　　　　　　　　　Jimmy R. Summerlin, Jr.
　　　　　　　　　　　　　　　　　　　　NC Bar #: 31819

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　225426.1

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| In re:<br>FARR ENTERPRISES, INC.,<br>Debtor(s). | Case No. 16-40291<br>Chapter 11 |
|---|---|
| **MOTION TO DISMISS CHAPTER 11 CASE<br>OR, IN THE ALTERNATIVE, APPOINT CHAPTER 11 TRUSTEE** ||

NOW COME Morganton Savings Bank ("Bank") and Reid and Patsy Scott (the "Scotts") (collectively, the "Movants"), each by and through their undersigned counsel, and move the Court for the entry of an order dismissing this Chapter 11 proceeding or, in the alternative, appointing a Chapter 11 trustee. In support hereof, the Movants show the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), without limitation. The basis for this motion is Sections 362 and 363 of the United States Bankruptcy Code.

2. This Chapter 11 bankruptcy proceeding was commenced on July 1, 2016 (the "Petition Date") by the filing of a Petition herein by the Debtor, Farr Enterprises, Inc. As of the date hereof, this proceeding has not been dismissed, converted, and a Chapter 11 trustee has not been appointed. The Debtor continues to operate its business as a Debtor-in-Possession.

3. This Chapter 11 bankruptcy proceeding is a second Chapter 11 filing by the Debtor, with the prior filing on or about February 8, 2010, Western District of North Carolina Case No. 10-40076, resulting in a confirmed Chapter 11 Plan of Reorganization (the "Prior Plan") upon which the Debtor subsequently defaulted.

4. As of the Petition Date, according to the Debtor's Schedules and Statements, as amended, the Debtor's primary assets consisted of (a) real property in Burke County, North Carolina valued by the Debtor at $1,900,000.00 (the "Real Property") and (b) personal property valued by the Debtor in the total sum of $210,412.24.

225426.1

Page 2

5. As of the Petition Date, according to the Debtor's Schedules and Statements, as amended, the Debtor had debts totaling $1,194,317.56, which amounts consists solely of debts secured by the Real Property, namely:

   A. $555,999.67 to Morganton Savings Bank (the "Bank Obligation");
   B. $295,842.31 to Reid and Patsy Scott (the "Scott Obligation");
   C. $342,475.58 to the Small Business Association [sic] (the "SBA Obligation").

**The Morganton Savings Bank Obligations**

6. Except as modified by the Prior Plan, the terms of repayment, collateralization, and other material terms relating to the Bank Obligation are set forth in a series of loan, security, perfection, and guaranty documents (collectively, the "Bank Loan Documents"), that are owned and held by the Bank. The Bank Loan Documents reflect all requirements of the Debtor and the Principals (together, the "Obligors") with respect to the same.

7. Pursuant to the Bank Loan Documents, the Bank Obligation is secured by a first lien mortgage lien and security interest encumbering land and improvements located at 9066 Camp Firestone Drive (aka 9066 NC 126), Nebo, North Carolina 28761 (the "Mortgaged Property").

8. The Bank owns and holds the originals of the Bank Loan Documents, copies of which are attached to the Bank's Proof of Claim filed herein on January 4, 2017 (Claim # 3).

9. The validity, enforceability, and status of the Bank Obligation have never been questioned, and cannot reasonably be questioned at this time.

10. As of the Petition Date, the Bank Obligation was in the amount of $555,999.67, all principal. The Bank expressly reserves the right to add attorneys' fees and costs to the Bank Obligation, as appropriate in other contexts.

11. Pursuant to the terms of the Prior Plan, the Bank Obligation was recapitalized and amortized over a period of 18 years at 7.25% interest per annum and payable in equal monthly installments of $3,415.05 beginning September 1, 2010 with a maturity date of five years from the Effective Date of the Prior Plan (on or about September 10, 2010) and a balloon payment due at that time.

12. Despite the occurrence of the maturity date and default by the Debtor in making the balloon payment then due, Bank has taken no previous action to foreclose its security interest in the Mortgaged Property.

225426.1

### The Scott Obligation

13. Except as modified by the Prior Plan, the terms of repayment, collateralization, and other material terms relating to the Scott Obligation are set forth in a series of loan, security, perfection, and guaranty documents (collectively, the "Scott Loan Documents"), that are owned and held by the Scotts. The Scott Loan Documents reflect all requirements of the Obligors with respect to the same.

14. Pursuant to the Scott Loan Documents, the Scott Obligation is secured by a second lien mortgage lien and security interest encumbering the Mortgaged Property, together with a first lien on rents, issues, and profits generated from the same (the "Rents"), all of which is collectively referred to herein as the "Collateral."

15. The Scotts own and hold the originals of the Scott Loan Documents, copies of which are attached to their Proof of Claim filed herein on January 4, 2017 (Claim # 2).

16. The validity, enforceability, and status of the Scott Obligation have never been questioned, and cannot reasonably be questioned at this time.

17. As of the Petition Date, the Scott Obligation was in the amount of $314,578.46, including principal in the amount of $295,726.15, interest in the amount of $17,736.15, and fees and costs in the amount of $1,116.16. As of the date hereof the balance due on the Scott Obligation has increased to approximately $325,000.00, exclusive of post-petition attorneys' fees and costs. The Scotts expressly reserve the right to add attorneys' fees and costs to the Scott Obligation, as appropriate in other contexts.

18. Pursuant to the terms of the Prior Plan, the Scott Obligation was recapitalized and amortized over a period of 15 years at 7.00% interest per annum and payable in equal monthly installments of $3,415.05 beginning September 1, 2010 with a maturity date of five years from the Effective Date of the Prior Plan (on or about September 10, 2010) and a balloon payment due at that time.

19. Upon the occurrence of the maturity date, the Debtor defaulted in repayment of the Scott Obligation and Movants thereafter commenced foreclosure of their Deed of Trust in Burke County, North Carolina File No. 16-SP-22, in which foreclosure a hearing was held, Order of Sale entered, and a sale date set for July 5, 2016. The sale was stayed by the filing of the current bankruptcy case.

225426.1

### The Debtor and the Collateral

20. The Debtor owns the Collateral, and the Rents are generated from leases of boat slips located upon the Mortgaged Property.

21. The Debtor has defaulted in repayment of the Bank Obligation and the Scott Obligation, as modified by the Prior Plan, by failing to make the final balloon payments due on or about August 10, 2015.

22. Upon information and belief, the Mortgaged Property does not have a present value of anywhere near the $1,900,000.00 alleged by the Debtor in its Schedules and Statements. The Burke County Tax Collector has assessed the Mortgaged Property as having a tax value of $655,869.00 (See Exhibit "A"). The Mortgaged Property has been previously appraised in March 2010 with a value of $1,000,000.00. Upon information and belief of the Movants, the Mortgaged Property has not significantly appreciated in value since March 2010 and has, in fact, depreciated in value since such date.

23. Movants are informed and believes that, except ad valorem taxes and the deed of trust liens noted hereinabove, there are no other individuals, or entities claiming liens against the foregoing Mortgaged Property.

24. The Debtor has continued regular monthly payments toward the Bank Obligation post-petition in the amount of $6,250.75 per month, but has not paid or satisfied the Bank Obligation in full as required by the Prior Plan.

25. The Debtor has not made any payment toward the Scott Obligation for at least sixteen months. However, based upon the monthly status reports, the Debtor has and continues to pay the Small Business Administration ("SBA") its regular monthly payments despite the SBA lien on the Mortgaged Property being subordinate to the lien securing the Scott Obligation.

26. Movants are enjoined from foreclosing on their lien or encumbrance pursuant to 11 U.S.C. § 362. Movants are also unaware whether the Mortgaged Property is adequately insured for hazard or other loss with Movants named as a mortgagee under said policy.

27. Despite the lien on Rents securing the Scott Obligation, the Debtor has and continues to use the cash collateral in the operation of its business and payment of debts, including debts subordinate to the lien securing the Scott Obligation, without permission from the Movants or order of this Court.

225426.1

Page 5

28. Upon information and belief, based upon the Debtor's monthly reports, the Debtor has collected Rents from the Petition Date to December 31, 2016 in the total sum of $71,819.67 [Movants assume "Customer Payments" listed on the monthly reports to be Rents since the Debtor has separately classified "Sales"], which Rents constitute cash collateral securing the Scott Obligation, and which cash collateral the Debtor has been using since the Petition Date in violation of 11 U.S.C. § 363(c)(2).

29. Based upon the Debtor's monthly reports, since the Petition Date, the Debtor operated its business at a net loss totaling in excess of $18,000.00 as follows:

    Beginning balance per July monthly report:    $40,140.82

    Ending balance per December monthly report:    $21,479.70

30. During the period July 1, 2016 to December 31, 2016, the Debtor has reported net income (loss) as follows:

| | |
|---|---|
| July 2016: | $1,027.96 |
| August 2016: | $1,286.30 |
| September 2016: | $4,894.23 |
| October 2016: | ($6,906.69) |
| November 2016: | ($10,280.58) |
| December 2016: | ($8,682.34) |

31. During the period July 1, 2016 through December 31, 2016, the Debtor has reported a net loss in excess of $18,000 despite making no payment on the Scott Obligation during that time period.

32. The Debtor reported a starting balance of $40,140.82 on its July monthly report; however, the Debtor had not made payments toward the Scott Obligation for approximately 11 months prior to that date. If the Debtor would have continued monthly payments toward the Scott Obligation at the amount required by the Prior Plan (disregarding the maturity date), as it did toward the Bank Obligation and the SBA Obligation, the Debtor would have paid an additional sum of $58,055.85 through December 31, 2016 and its net cash position would have been *negative* $36,576.15.

33. During the period July 1, 2016 through December 31, 2016, the Debtor has reported monthly income totaling $112,144.66 and averaging $18,690.78 per month and monthly expenses (excluding payments on the Bank Obligation and the SBA Obligation) totaling

225426.1

Page 6

$84,145.28 and averaging $14,024.21 per month, resulting in average net income of $4,666.57 per month before payment of secured claims.

34. Per the Debtor's Disclosure Statement filed December 22, 2016 [Docket # 30] (no plan yet filed), the Debtor appears to intend to propose a plan that will pay the Bank Obligation, the Scott Obligation, and the SBA Obligation as follows:

    Bank Obligation: $541,365.98 in monthly installments amortized over 13 years at 4.5% interest per annum;

    Scott Obligation: $295,842.31$^a$ in monthly installments amortized over 13 years at 4.0% interest; and

    SBA Obligation: Regular monthly installments of $1,526.00 on contract terms.

35. Based upon the foregoing proposed treatment, the Debtor intends to incur monthly payment obligations approximately as follows:

| | |
|---|---|
| Bank Obligation: | $4,590.09 per month for 156 months; |
| Scott Obligation: | $2,435.13 per month for 156 months; and |
| SBA Obligation: | $1,526.00 per month (number of months not stated$^b$). |
| **Total Obligation:** | **$8,551.22 per month** |

36. The Debtor's monthly income is insufficient in any manner to make the payments set forth in the Disclosure Statement (and presumably the plan). In fact, in only one month since the Petition Date has the Debtor generated sufficient income to pay the payments as proposed.

37. In addition, Movants are informed and/or believe that, among possible other actions, the Debtor and/or principals of the Debtor have:

    A. Prior to and during this Chapter 11 proceeding, utilized the Collateral as their personal residence for their own personal benefit without compensation to the Debtor in the form of rent;

    B. Prior to and during this Chapter 11 proceeding, utilized funds of the Debtor to renovate and remodel a portion of the Collateral used by the principals as their

---

$^a$ This amount is the amount set forth in the Disclosure Statement. The present balance on the Scott Obligation, excluding costs and attorneys' fees as may be allowed, is approximately $325,000.00.

$^b$ Per Modification recorded in Book 1551, Page 227 of the Burke County Registry, the maturity date of the SBA Obligation appears to be December 17, 2034.

225426.1

personal residence, which renovation and remodeling in no manner benefits the Debtor or the Estate in this Chapter 11 proceeding; and

C. Prior to and possibly during this Chapter 11 proceeding personally received and converted funds from the Debtor's business operations for their own personal benefit.

38. Furthermore, Movants show the Court that the operation of the Debtor's business by its principals is the reason for the Debtor's continued financial woes, including:

A. Boat slips available at the property have been reduced from 105 in 2002 to approximately 68 now;

B. The Debtor has sold or otherwise transferred several boats that generated income for the business, including a 30 person tour boat and two rental pontoon boats, without replacement;

C. The Debtor has sold or otherwise transferred numerous items of equipment necessary in operation of the business at the property, without replacement;

D. The Debtor fails to maintain regular and appropriate business hours;

E. The Debtor has gated the facility to the exclusion of many potential customers;

F. The Debtor has failed to maintain appropriate inventory to sell to potential customers;

G. In January 2005, the Debtor received a loan (the SBA Obligation) in the amount of $350,000.00 from the Small Business Administration, but there is no evidence that such funds have been used for the Debtor's business. The Mortgaged Property has not been noticeably upgraded since January 2005 and, in fact, has been depleted;

H. Upon information and belief, in the past five years the Debtor further received approximately $200,000.00 in insurance proceeds and $100,000.00 in disaster relief, but there is no evidence that such funds have been used for the Debtor's business. The Mortgaged Property has not been noticeably upgraded since and, in fact, has been depleted; and

I. On the Profit and Loss Statement included with the Disclosure Statement, the Debtor reports Net Income of $113,481.36 for the period January through September 2016; however, the Debtor's monthly report for September 2016 reveals the Debtor has funds totaling only $47,349.31.

225426.1

39. The Debtor is and will remain unable to satisfy the pre-conditions to confirmation of a plan as required by Section 1129 of the Bankruptcy Code in that the Debtor, among other things, will not be able to satisfy the requirements of Section 1129(a)(5)(A)(ii), 1129(a)(7), 1129(a)(8), 1129(a)(10), and 1129(a)(11) of the Bankruptcy Code.

## MOTION FOR DISMISSAL

40. Based upon the foregoing, and other material facts as may be proven that the hearing on this motion, Movants request the Court to dismiss this Chapter 11 case pursuant to Section 1112(b) of the United States Bankruptcy Code, for cause, including specifically, but without limitation:

    A. The Debtor has caused a substantial and continuing loss to and diminution of the estate and there is no likelihood of rehabilitation;
    B. The Debtor has grossly mismanaged the Estate;
    C. The Debtor has utilized cash collateral without authorization substantially harmful to one or more creditors; and
    D. Such other cause as may appear and be proven at the hearing on this Motion.

## ALTERNATIVELY, MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

41. Based upon the foregoing, and other material facts as may be proven that the hearing on this motion, Movants alternatively request the Court to appoint a trustee under Section 1104 to take over the assets of the Debtor, evaluate the best method to sell assets for the benefit of creditors, and to commence sell of the assets for the benefit of creditors.

42. RESERVATION OF RIGHTS: Notwithstanding any relief that may be granted in relation to this Motion, Movants expressly reserve all rights to object to the Debtor's Disclosure Statement, Plan of Reorganization, and any and all Motion, Application, or other relief requested by the Debtor. Movants further reserve the right to seek allowance of their reasonable attorneys' fees and costs to the extent allowable under 11 U.S.C. § 506(b) or other applicable law.

WHEREFORE, Movants pray the Court as follows:

1. That this Chapter 11 proceeding be dismissed, for cause.
2. Alternatively, that a Chapter 11 trustee be appointed to take over the assets of the Debtor, evaluate the best method to sell assets for the benefit of creditors, and to commence sell of the assets for the benefit of creditors.
3. For such other and further relief as the Court shall deem just and proper.

This the 30th day of January, 2017.

                YOUNG, MORPHIS, BACH
                & TAYLOR, LLP

                /s/ Jimmy R. Summerlin, Jr.
                Jimmy R. Summerlin, Jr.
                N.C. State Bar No. 31819
                P.O. Drawer 2428
                Hickory, NC 28603
                Telephone: 828-322-4663
                Attorney for Reid & Patsy Scott

and

WILLCOX LAW FIRM, PLLC

                /s/ Roderick H. Willcox, Jr.
                Roderick H. Willcox, Jr.
                N.C. State Bar No. 25033
                216 N. Sterling Street, Suite A
                Morganton, NC 28655
                Telephone: 828-433-1333
                Attorney for Morganton Savings Bank

225426.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was duly served this day by depositing a copy thereof for delivery by the U.S. Postal Service, 1st Class postage prepaid, and addressed as follows:

Mr. Edward C. Hay, Jr.
Pitts, Hay & Hugenschmidt, PA
Via CM/ECF: ehay@phhlawfirm.com
Attorney for the Debtor

U.S. Bankruptcy Administrator
Via CM/ECF: alexandria_p_kenney@ncwba.uscourts.gov
ba_desk@ncwba.uscourts.gov

Mr. Roderick H. Willcox, Jr.
Via CM/ECF: attywill@bellsouth.net
G20659@notify.cincompass.com

And upon the following by 1st Class U.S. Mail, postage prepaid:

See attached mailing matrix.

This the 30th day of January, 2017.

/s/ Jimmy R. Summerlin, Jr.
Jimmy R. Summerlin, Jr.
N.C. State Bar No. 31819

225426.1

Page 11

Label Matrix for local noticing
0419-4
Case 16-40291
Western District of North Carolina
Shelby
Mon Jan 30 13:37:25 EST 2017

Andrew and Erin Shannon
118 Pearson Dr.
Morganton, NC 28655-3715

Andrew and Kimberly Dale
5116 Mt. Olive Church Rd.
Morganton, NC 28655-7984

B and Hartman Schwartz
198 Edgewood
Asheville, NC 28804-3342

Barbara Wilson
P. O. Box 387
Drexel, NC 28619-0387

Bob Clark
6232 Weller Cr.
Indianapolis, IN 46268-5043

Bob and Marian Cline
254 Orchard Cr.
Hendersonville, NC 28739-7995

Brad Hatfield
1778 Enola Rd.
Morganton, NC 28655-7334

Brandon Adams
39 Clement Dr.
Mills River, NC 28759-8736

Bryan and Annette Searcy
224 West Park Dr.
Morganton, NC 28655-4218

Burke County Tax Collector
Burke County Courthouse
P. O. Box 219
Morganton, NC 28680-0219

C. L. Loven
P. O. Box 66
Pineola, NC 28662-0066

Cathy Richter
3083 Daisy Trail
Vale, NC 28168-6406

Chad and Heather Minks
205 Woodland Ct.
Black Mountain, NC 28711-9705

Chris Perry
127 S. Main St.
Granite Falls, NC 28630-1947

Chuck and Karen Buckland
102 N. Crab Meadow Dr.
Hendersonville, NC 28739-8470

Craig Broderdorp
7216 Seton House Lane
Charlotte, NC 28277-4505

Dan and Elizabeth Hankley
49 Slide Rock Way
Fairview, NC 28730-8819

Danny Scott
2300 Connley umgarner
Morganton, NC 28655-9855

David and Amy Russell
41 Wayne St.
Marion, NC 28752-3667

David and Marilyn Wasserman
1 N. Pack Square, Ste. 415
Asheville, NC 28801-3409

Dennis Reid
105 Riverview Dr.
Morganton, NC 28655-8000

Denny and Marie Young
235 Pleasant View Loop
Morganton, NC 28655-8911

Don Locotosh
246 Cottage Ridge Rd.
Fletcher, NC 28732-8388

Duke Power Company
P. O. Box 601297
Charlotte, NC 28260-1297

Elsa Nurminen
130 Witenburg Springs Dr.
Taylorsville, NC 28681-6252

Farr Enterprises, Inc.
P. O. Box 276
Nebo, NC 28761-0021

Gar and Wendy Hammerstone
1475 Kinglet Dr.
Morganton, NC 28655-6740

George Krebs
127 Morehead St.
Morganton, NC 28655-3110

George W. McFatter
40 Falcon Ridge
Black Mountain, NC 28711-8737

| | | |
|---|---|---|
| Gerald & Peggy Weimer<br>184 Whispering Pines<br>Marion, NC 28752-5225 | Edward C. Hay Jr.<br>PITTS, HAY & HUGENSCHMIDT, P.A.<br>137 Biltmore Avenue<br>Asheville, NC 28801-4105 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | James McFarland<br>3754 Crestwood<br>Morganton, NC 28655-8790 | James and Margaret Sitts<br>4353 St. Pauls Church Rd.<br>Morganton, NC 28655-8214 |
| Jeff Nicholson<br>P. O. Box 1686<br>Morganton, NC 28680-1686 | Jerry McFalls<br>2576 Hwy. 221 N. Business<br>Marion, NC 28752 | Jim Adams<br>570 Mountain Cove Rd.<br>Black Mountain, NC 28711-9466 |
| Jim Lindsay<br>9 Ramsey Hill Dr.<br>Asheville, NC 28806-9574 | Jimmy R Summerlin Jr (struck through)<br>Young Morphis Bach & Taylor LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603-2428 | Jimmy R. Summerlin, Jr. (struck through)<br>Young, Morphis, Bach & Taylor, L.L.P.<br>P.O. Drawer 2428<br>Hickory, North Carolina 28603-2428 |
| Joe and Lena Laughter<br>170 Bloomingdale Dr.<br>Fletcher, NC 28732-6540 | John Gebhardt<br>177 Ols Mill Rd.<br>Nebo, NC 28761 | John Jones<br>259 Davis St.<br>Spindale, NC 28160-1511 |
| John and Laura Aulgur<br>9066 NC Hwy. 126<br>Nebo, NC 28761-8639 | John and Mary Jane Stahl<br>7 Grey Wolf Lane<br>Old Fort, NC 28762 | Ken and Mary Wahl<br>105 La Bellevue St.<br>Morganton, NC 28655-8255 |
| Laura Mathis<br>P. O. Box 841<br>Marion, NC 28752-0841 | Mark Dillon<br>1881 Cane Creek Rd.<br>Fletcher, NC 28732-7430 | Michael Peek<br>11 Grassy Ridge Rd.<br>Asheville, NC 28805-8762 |
| Morganton Federal Savings and Loan Associati<br>c/o Roderick H. Willcox, Jr.<br>Willcox Law Firm, PLLC<br>P.O. Box 442<br>Morganton, NC 28680-0442 | Morganton Savings Bank<br>100 South King St.<br>Morganton, NC 28655-3429 | NC Department of Revenue<br>Bankruptcy Unit<br>PO Box 1168<br>Raleigh, NC 27602-1168 |
| Ned and Tina Triplett<br>3870 Tall Cypress Ln<br>Lenoir, NC 28645-9070 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168<br>[stamped DUP] | Pat Brown<br>2200 Kensington Rd.<br>Asheville, NC 28803-2294 |
| Patrick & Lisa Payne<br>35 Willow Farm Rd.<br>Fairview, NC 28730-8513 | Patrick Young<br>81 Sunset Dr.<br>Marion, NC 28752-9105 | Philip Brown<br>2093 Eastside Ave.<br>Nebo, NC 28761-8698 |

| | | |
|---|---|---|
| Randolph Loftis<br>621 Jersey<br>Winston Salem, NC 27101-1110 | Raymond Ward<br>5522 Providence Glen Rd.<br>Charlotte, NC 28270-3724 | Reid & Patsy Scott<br>c/o Jimmy R Summerlin Jr<br>Young Morphis Bach & Taylor LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603-2428 |
| Reid and Patsy Scott<br>P. O. Box 81<br>Glen Alpine, NC 28628-0081 | Richard Williams<br>2345 Benjamin St.<br>Morganton, NC 28655-9192 | Rick and Sue Wilson<br>380 Windsor<br>Asheville, NC 28804-1523 |
| Rob Denton<br>P. O. Drawer 1269<br>Morganton, NC 28680-1269 | Robert and Joyce Cassata<br>648 Pilot Rd.<br>North Palm Beach, FL 33408-3724 | Rod Wilcox, Jr.<br>The Commerce Building, Suite A<br>216 N. Sterling St.<br>P. O. Box 442<br>Morganton, NC 28680-0442 |
| Rodney Cox<br>P. O. Box 912<br>Glen Alpine, NC 28628-0912 | Russell Wilkenloh<br>5301 Fowler Farm Rd.<br>Charlotte, NC 28227-9227 | Sara Lou Succop<br>117 Riverside Ct.<br>Morganton, NC 28655-3716 |
| Reid and Patsy Scott<br>c/o Roderick H. Willcox, Jr.<br>Willcox Law Firm, PLLC<br>P.O. Box 442<br>Morganton, NC 28680-0442 | Scott and Michele Clark<br>2064 Old NC 18<br>Morganton, NC 28655-7418 | Small Business Association<br>P. O. Box 740192<br>Atlanta, GA 30374-0192 |
| Sonny Carter<br>1495 Buckhorn Tavern Rd.<br>Morganton, NC 28655-6791 | Stacy and Christina Peek<br>2184 Cottage Park Rd.<br>Morganton, NC 28655-0093 | Steve Jordan<br>306 Brentwood Rd.<br>Morganton, NC 28655-9187 |
| Steve and Anita Balicky<br>12 Eastridge Ct.<br>Fairview, NC 28730-9718 | Steven Kozlowski<br>214 Kingfisher Ln<br>Mills River, NC 28759-8799 | Jimmy R. Summerlin Jr.<br>Young, Morphis, Bach & Taylor, L.L.P.<br>P.O. Drawer 2428<br>858 2nd Street, NE, Suite 200<br>Hickory, NC 28601-3878 |
| Thomas Starnes<br>108 Creekside Dr.<br>Morganton, NC 28655-5202 | U.S. Bankruptcy Administrator Office<br>402 W. Trade Street<br>Suite 200<br>Charlotte, NC 28202-1673 | U.S. Securities Exchange<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| U.S. Small Business Administration<br>200 W. Santa Ana Blvd., Suite 770<br>Santa Ana, CA 92701-7545 | United States Attorney<br>Federal Courthouse Rm. 233<br>100 Otis Street<br>Asheville, NC 28801-2608 | Vernon and Sheila Rogers<br>5018 Hickory Ridge<br>Mount Holly, NC 28120-9340 |
| Wayne and Leslie Giese<br>103 Jackson's Run<br>Morganton, NC 28655-2785 | Roderick H. Willcox Jr.<br>Willcox Law Firm, PLLC<br>P.O. Box 442<br>Morganton, NC 28680-0442 | End of Label Matrix<br>Mailable recipients    88<br>Bypassed recipients    0<br>Total    88 |